IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SAUL HERNANDEZ MARTINEZ, et al.,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. **3:06-CV-0421-L** |
| § | |
| **THE GOODYEAR TIRE & RUBBER CO.,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant's Opposed Motion to Dismiss for *Forum Non Conveniens*, filed August 3, 2007; and (2) Goodyear's Unopposed Motion for Leave to File its reply to the Plaintiffs' Supplemental Filing in Opposition of Goodyear's Motion to Dismiss for *Forum Non Conveniens*, filed November 30, 2007. After considering the motions, briefs, record, and applicable law, the court **grants** Defendant's Opposed Motion to Dismiss for *Forum Non Conveniens* and **denies as moot** Goodyear's Unopposed Motion for Leave to File its reply to the Plaintiffs' Supplemental Filing in Opposition of Goodyear's Motion to Dismiss for *Forum Non Conveniens*.

**I.    Factual and Procedural Background**

This case involves the death of Eulogio Hernandez Pineda a/k/a Eulogio Hernandez ("Hernandez"), who died in an automobile accident in San Luis Potosi, Mexico. Plaintiffs filed their Original Complaint on March 8, 2006, asserting claims of negligence and strict liability against Defendant the Goodyear Tire & Rubber Company ("Defendant" or "Goodyear"). Plaintiffs are Hernandez's surviving wife and eight children. Plaintiffs allege that Hernandez died as the result

of injuries sustained during the crash caused by the catastrophic failure of the right rear Goodyear tire on his vehicle. Compl. ¶ 10. The accident occurred on the State Road of Cerritos in San Luis Potosi, Mexico. *Id*.

Defendant moves to dismiss this case pursuant to *forum non conveniens* and argues that San Luis Potosi is an adequate alternate forum to hear Plaintiffs' claims. Plaintiffs oppose Defendant's motion and contend that their claims should be heard in this court.

## II. Legal Standard

A defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis. *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1164-65 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom.*, *Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *opinion reinstated on other grounds*, 883 F.3d 17 (5th Cir. 1989) (en banc). When considering a motion to dismiss for *forum non conveniens*, "the ultimate inquiry is whether trial will best serve the convenience of the parties and the ends of justice." *Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 527 (1947). In deciding a motion to dismiss for *forum non conveniens*, a court first determines whether an alternate forum is available and adequate. *Gonzales v. Chrysler Corp.*, 301 F.3d 377, 379-80 (5th Cir. 2002). A foreign forum is available if the entire case and all parties can come within the jurisdiction of that forum. *In re Air Crash Disaster*, 821 F.2d at 1165. A defendant comes within the jurisdiction of an alternate forum when "the defendant is amenable to process" in the alternate forum at the time of dismissal. *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1246 (5th Cir. 1983) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.22 (1981)). A foreign forum is adequate if the parties will not be deprived of all remedies or treated unfairly

even though they may not enjoy the same benefits as they might receive in an American court. *In re Air Crash Disaster*, 821 F.2d at 1165.

Upon determining that an alternative forum is both available and adequate, a court decides if the alternate forum is more convenient for the litigants by weighing the various private and public interest factors. *Gonzalez*, 301 F.3d at 379-80. Only if a court concludes that dismissal is not appropriate based upon its review of the private interest factors, must it then weigh the public interest factors. *Id*. If a court determines that these factors favor the moving party, it may dismiss the case for *forum non conveniens*. *Id*. The decision to grant or deny a motion to dismiss for *forum non conveniens* is within the sound discretion of the trial court. *American Dredging Co. v. Miller*, 510 U.S. 443, 454 (1994). "[O]rdinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum . . . however, that presumption applies with less force when the plaintiff or real parties in interest are foreign." *Piper Aircraft*, 454 U.S. at 255.

### III. Analysis

#### A. Adequacy and Availability of an Alternate Forum

Defendant argues that the courts of San Luis Potosi, Mexico are an adequate and available alternate forum where Plaintiffs may bring their claims. Defendant has also stated on the record that it "agrees to subject itself to the jurisdiction of a Mexican court in the State of San Luis Potosi for purposes of this case only." Def.'s Brief, 2-3. Plaintiffs acknowledge that the this circuit has held that Mexican courts are adequate, but argue that a Mexican forum will deprive them of certain Texas state law claims and that Mexican law has extreme limitations on recovery for personal injury

lawsuits. Plaintiffs argue that these Mexican limitations should not be applied to citizens of the United States.[1]

The court determines that Defendant's stipulation of its willingness to submit to jurisdiction in a Mexican court is sufficient to conclude that the courts of San Luis Potosi, Mexico are an available forum. The court next considers whether the Mexican courts are adequate. "The fact that Mexico provides a wrongful death cause of action, albeit with severe damage caps, makes the country an adequate forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (citing *Piper Aircraft*, 454 U.S. at 255). Plaintiffs argue that the Mexican forum is inadequate because some of the Plaintiffs are citizens of the United States, and contend that the cases in which a Mexican forum has been found adequate reach that conclusion because the plaintiffs are Mexican citizens.

The parties also dispute the ties of decedent Hernandez to the United States. While Plaintiffs argue that he was a legal United States resident who lived and worked in Dallas. Defendant points out that Hernandez was a Mexican citizen, who owned property and lived in Mexico. The court finds that while Hernandez clearly had ties both to Texas and San Luis Potosi, Mexico, in this dispute, his ties to Mexico weigh heavily. He owned property in San Luis Potosi, had bought the vehicle involved in the accident in Mexico, and was injured while driving that truck in Mexico.

The court determines that the Mexican courts are adequate. While Plaintiff's choice of forum may be entitled to some degree of deference because two of the nine Plaintiffs are U.S.

---

[1] As pleaded in the Complaint, Plaintiffs Saul Hernandez Martinez and Delia Hernandez Martinez are "citizen[s] of Texas;" Plaintiffs Dometilia Martinez Ruelas a/k/a Dometilia Hernandez, and Maria Felix Tovar are legal permanent residents of the United States; and Plaintiffs Consuelo Hernandez Martinez, Alberto Hernandez Martinez, Catalina Hernandez Martinez, Leonor Hernandez Martinez, and Eulogio Hernandez Martinez are citizens of Mexico.

**Memorandum Opinion and Order – Page 4**

citizens, the citizenship of Plaintiffs is not the dispositive issue. In *Piper Aircraft*, in holding that Scottish courts were adequate even though plaintiffs could not bring strict liability claims, the Supreme Court did not refer to the citizenship of plaintiffs, but instead held more broadly that "[a]lthough the relatives of the decedents may not be able to rely on a strict liability theory, and although their potential damages award may be smaller, there is no danger that they will be deprived of any remedy or treated unfairly." 454 U.S. at 254-55. The Fifth Circuit, however, did find "no warrant for us, a United States court, to replace the policy preference of the Mexican government with our own view of what is a good policy for the citizens of Mexico." *Gonzalez*, 301 F.3d at 382. The court, considering that the majority of Plaintiffs in this case are not citizens of the United States, finds that the Mexican court is an adequate alternate forum, but will weigh the United States citizenship of two Plaintiffs when balancing the private and public factors.

### B. Private Factors

After determining that an adequate and available alternate forum exists, the court must weigh the private and public factors that may favor dismissal. The private interests include:

> the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; and all other practical problem that make trial of a case easy, expeditious and inexpensive.

*Vasquez*, 325 F.3d at 672 (quoting *McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir. 2001)).

As to the first factor, Defendant points out that the accident occurred in Mexico, that investigative materials and the only surviving witness to the accident are in Mexico, and that the vehicle was licensed and registered in Mexico. Plaintiff argues that Goodyear's witnesses are

located in the United States, and that Defendant will need to produce large amounts of documents in this country related to the product design of the tire in question. Plaintiff contends that the amount of documents that will be produced by Goodyear is greater than the amount of documents in Mexico.

Defendant argues that the second factor, regarding the ability to compel witnesses, also favors dismissal. It points out that this court cannot compel the attendance of Mexican witnesses or the production of documents in Mexico. Plaintiff argues that it will be unable to compel the attendance of Goodyear's witnesses in a Mexican court, and that many of the depositions of Mexican witnesses have already taken place.[2] Defendant responds that the only living witness to the accident is in Mexico and has not been deposed and that many of Plaintiff's witnesses have given their testimony in Spanish rather than English.

Defendant argues that the third factor – the ability to view the premises – clearly weighs in favor of dismissal, because the accident occurred in Mexico and it would be impracticable for a jury in the United States to see the accident site. Plaintiff argues that this is unlikely to be necessary in this case.

Finally, with respect to the last factor, Defendant argues that the fact that many documents are in Spanish and many witnesses primarily speak Spanish makes trial in a Mexican court more efficient and effective than a trial through translators in this court. Defendant also points out that the tire in question was neither designed nor manufactured in Texas. Plaintiff argues that similar

---

[2]On November 14, 2007, Plaintiffs filed a Supplemental Filing in Opposition to Goodyear's Motion to Dismiss for *Forum Non Conveniens* relating to the status of discovery in this case. The court treats this filing as a surreply filed without leave of court and **strikes** the document. Accordingly, the court **denies as moot** Goodyear's Unopposed Motion for Leave to File its reply to the Plaintiffs' Supplemental Filing in Opposition of Goodyear's Motion to Dismiss for *Forum Non Conveniens*. Even if the court were to consider the arguments made in the surreply and response to the surreply, the court's analysis would not change.

difficulties would lie in trial in a Mexican court, because the design documents of Defendant would need to be translated into Spanish and the focus of discovery will be on the tire failure.

The court has considered the factors, and determines that the private factors weigh in favor of dismissal. This case is very similar to *Vasquez*, in which the court held:

> [P]laintiffs, the driver of the vehicle, and all decedents are Mexican citizens. In addition, the vehicle and tires were manufactured, purchased, and maintained in Mexico. The vehicle had a Mexican owner, and the trip took place entirely in Mexico. All the physical evidence and medical reports are in Mexico; conducting trial in the United States would require translation of numerous reports and witness testimony. Federal courts have no power of compulsory process over Mexican citizens, including the surviving driver and passenger, police, and mechanics who serviced and maintained the vehicle.

325 F.3d at 672-73. The court went on in that case to specifically reject an argument similar to Plaintiff's regarding the amount of product design documents located in the United States. In affirming the district court's dismissal pursuant to *forum non conveniens*, the court held: "Assuming *arguendo* that all information relating to the design and manufacture of the tires and vehicles is located in the United States, we still find the court's analysis correct." *Id*. at 673.

Here, as in *Vasquez*, the car accident that is at the heart of this dispute occurred in Mexico, in a vehicle bought and registered in Mexico, and involved two Mexican citizens. The court does give some deference to Plaintiffs' choice of forum because two of the Plaintiffs are United States citizens. *Piper Aircraft*, 454 U.S. at 255. This deference, however, is not dispositive, and the court determines that the private factors weigh heavily in favor of dismissal. *Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 805-06 (5th Cir.), *cert. denied*, 474 U.S. 909 (1985) ("Thus, despite [plaintiff's] argument that as a United States citizen its choice of a home forum is entitled to greater deference by a United States court than a foreigner's choice, a United States court

in a *forum non conveniens* case is not required to make its determination on that factor alone, nor would it have abused its discretion in not heavily weight that factor."). The court determines that because the accident is tied more closely to Mexico and the majority of Plaintiffs are Mexican citizens, the private factors weigh in favor of dismissal.

### C. Public Factors

Having determined that the private factors favor dismissal, the court now considers the public factors. These factors are:

> administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Vasquez*, 325 F.3d at 673 (quoting *McLennan*, 245 F.3d at 424) (internal quotation marks and citation omitted).

The court determines that the first factor – court congestion – does not weigh heavily either for or against dismissal. The second factor – the local interest – weighs in favor of dismissal. While Hernandez did live in Dallas and four of the Plaintiffs currently reside in Dallas, the heart of this case is a Mexican car accident involving a Mexican citizen. While some of the decedent's surviving relatives live in this forum, the facts of this case do not involve a controversy local to Dallas or Texas. The court determines that the third and fourth factors involving the choice of law has not been briefed adequately to weigh in favor or against dismissal.[3] While Plaintiff does cite a case in

---

[3] The court recognizes that Defendant has filed a separate motion asking the court to apply Mexican law, but this motion was filed subject to its motion to dismiss. The court need not rule on the motion to apply Mexican law because the court determines that this factor will not upset its conclusion in balancing the private and public factors relating to dismissal.

**Memorandum Opinion and Order – Page 8**

which a court applied Texas law to a controversy involving a car accident in Mexico, the court considered several factors in determining which law applied. *See Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252, 259-261 (Tex. App. – San Antonio 1999, pet. denied). Finally, the last factor related to the burden on a local jury also weighs in favor of dismissal because this case does not involve a local issue.

As this dispute is largely about a Mexican accident involving non-citizen Plaintiffs, the court concludes that the public factors also weigh in favor of dismissal. This result is consistent with the court's decision in *Vasquez*, a case in which the court noted:

> The linchpin of plaintiff's argument – that the alleged wrongful act was the original design of the vehicle and tires – reaches back too far int eh accident's causal chain. Identifying the situs of the wrongful conduct as an American designer's drawing board ignores the production, sale, and alleged failure of the product, which all occurred in Mexico. If accepted, plaintiffs' argument would curtail the rights of foreign governments to regulate their internal economies and threaten to engulf American courts with foreign claims.

325 F.3d at 674 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). For these reasons, the court determines that dismissal pursuant to *forum non conveniens* is appropriate.

## IV.     Conclusion

For the foregoing reasons, the court **grants** Defendant's Opposed Motion to Dismiss for *Forum Non Conveniens* and **denies as moot** Goodyear's Unopposed Motion for Leave to File its reply to the Plaintiffs' Supplemental Filing in Opposition of Goodyear's Motion to Dismiss for Forum Non Conveniens. The court **dismisses** this case pursuant to *forum non conveniens*. The dismissal of this case, however, must be conditioned to ensure that Plaintiffs can reinstate their suit in American courts in the event Defendant evades jurisdiction in Mexico or Mexico declines to exercise jurisdiction. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1551 (5th Cir.), *cert. denied*, 502

U.S. 963 (1991) (citing *In re Air Crash Disaster*, 821 F.2d at 1166). According, the court conditions dismissal on the following: (1) Defendant consents to the jurisdiction of Mexico; (2) the acceptance and exercise of jurisdiction by Mexican courts; (3) Defendant's waiver of all statute of limitations defenses if Plaintiffs file suit in Mexico within 90 days of this court's dismissal; (4) Defendant's agreement to the enforceability of a judgment entered by a Mexican court; and (5) Defendant's agreement to reinstatement of the action in its present posture in the Northern District of Texas if Mexico proves to be unavailable, because the highest court of Mexico declines to exercise jurisdiction despite Plaintiffs' good faith efforts to initiate the action in Mexico.[4] *Id.* (setting forth measures a court may take to ensure that a defendant will not attempt toe vade the jurisdiction of the foreign court).

**It is so ordered** this 31st day of January, 2008.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[4]The court conditions any reinstatement of the present action on: (1) a certification by Plaintiffs following the present *forum non conveniens* dismissal that Plaintiffs made a good faith effort to initiate the action in Mexico and were unable to receive an adjudication on the merits under the laws of that country so that Mexico was unavailable within the meaning of the pertinent authorities; and (2) that upon a filing of a motion for reinstatement, a reassessment will be made as to the availability of the Mexican forum, and if it is determined that it is not available, Plaintiff's motion for reinstatement will be granted and any applicable statute of limitations will be deemed to have been tolled by the initiation of the present action.